Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>LUIS FELIPE PORTALATÍN ROMERO<br><br>Peticionario | TA2026CE00739 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: JIVP202600043 JLE2026M0001<br><br>Por: Art. 7.06, Ley 22 Art. 5.07 B Ley 22 |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio, la Jueza Álvarez Esnard y el Juez Cruz Hiraldo[1]

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2026.

El 10 de junio de 2026 compareció ante este Tribunal de Apelaciones el señor Luis Felipe Portalatín Romero (en adelante, peticionario o señor Portalatín Romero), mediante el recurso de *Certiorari*. Por medio de este, nos solicita la revisión de la *Resolución y Orden* dictada y notificada el 17 de febrero de 2026, por el Tribunal de Primera Instancia, Sala de Ponce. En virtud del referido dictamen, el foro primario pospuso el cumplimiento con el descubrimiento de prueba para con el delito menos grave imputado, hasta tanto se celebrara la vista preliminar del delito grave imputado.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del recurso de *certiorari*.

**I**

Por hechos acaecidos el 14 de noviembre de 2025, el Ministerio Público radicó una *Denuncia* en contra del señor

---

[1] DJ 2025-063C, 26 de mayo de 2026.

Portalatín por violación al Artículo 5.07 B de la *Ley de Vehículos y Tránsito de Puerto Rico*, Ley Núm. 22-200, 9 LPRA sec. 5127, el cual está tipificado como un delito menos grave, y otra por infracción al Artículo 7.06 del mismo estatuto, el cual está clasificado como un delito grave.[2] En resumen, se le imputó al peticionario que, el día de los hechos, aproximadamente a las 8:17pm, en Yauco, condujo un vehículo de motor, marca Honda, modelo Civic del 2018, de forma ilegal, negligente, en claro menosprecio de la seguridad de otras personas o propiedades, y bajo los efectos de bebidas embriagantes. Se adujo que, como consecuencia de lo anterior, el señor Portalatín Romero impactó la parte trasera de otro vehículo, provocando que este se volteara, diera varias vueltas hacia atrás, e impactara un segundo vehículo que luego golpeó la valla de seguridad central. Se planteó, además, que los pasajeros en los aludidos vehículos sufrieron grave daño corporal a causa de ello, así como múltiples hematomas y fracturas que han requerido tratamiento médico prolongado y terapias físicas para su recuperación.

Así las cosas, el 12 de enero de 2026, el Tribunal de Primera Instancia encontró causa probable para su arresto por ambos delitos imputados. En lo pertinente a lo que nos ocupa, surge de las denuncias que dicho foro examinó tres (3) declaraciones juradas de testigos de cargo, además del testimonio bajo juramento de otra testigo del Ministerio Público, para fundamentar su determinación respecto al delito menos grave.

Posteriormente, el 22 de enero de 2026, el peticionario presentó una *Moción al Amparo de la Regla 95 de Procedimiento Criminal*.[3] Mediante esta, le solicitó al Ministerio Público que produjera copia de los documentos allí mencionados, así como que le permitiera inspeccionar sus originales, entre ellos, las

---

[2] Apéndice del recurso, Entrada Núm. 1 y 8.
[3] *Íd.*, Entrada Núm. 4.

declaraciones juradas de los testigos de cargo que hubiesen o no declarado en la vista celebrada al amparo de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6.

Ese mismo día, el Ministerio Público presentó una *Moción Informativa y Solicitud al Amparo de la Regla 89 de las de Procedimiento Criminal*.[4] En la misma, informó que el delito grave aún estaba pendiente de la correspondiente vista preliminar. Por tal razón, peticionó que, al tratarse de hechos surgidos de un mismo evento, los procedimientos permanecieran consolidados de determinarse causa probable para acusar en esa etapa, conforme a la Regla 89 de Procedimiento Criminal, 34 LPRA Ap. II, R. 89. Del mismo modo, solicitó ser eximido de contestar la moción presentada por la defensa al amparo de la Regla 95 de Procedimiento Criminal, 34 LPRA Ap. II, R. 95, "hasta tanto se dilucide la vista preliminar por ser de un mismo curso de acción".

En desacuerdo, el 5 de febrero de 2026, el peticionario presentó una *Moción Oponiéndose a Solicitud del Ministerio Público de que se le exima de cumplir con la Regla 95 de Procedimiento Criminal presentada [...]*.[5] En esencia, arguyó que, al basarse la determinación de causa probable para arresto del delito menos grave en declaraciones juradas prestadas por testigos que no comparecieron, se le privó al peticionario de la oportunidad de contrainterrogar a los mismos. En consecuencia, expresó su oposición a la solicitud del Ministerio Público de no tener que cumplir con el descubrimiento de prueba.

En respuesta, el 17 de febrero de 2026, el Ministerio Público presentó una *Moción en Réplica [...]*, mediante la cual reiteró su posición.[6] En igual fecha, el Tribunal de Primera Instancia dictó la

---

[4] *Íd.*, Entrada Núm. 9.
[5] *Íd.*, Entrada Núm. 10.
[6] *Íd.*, Entrada Núm. 11.

*Resolución y Orden* recurrida.[7] En esta, el foro primario eximió al Ministerio Público de cumplir con la Regla 95 de Procedimiento Criminal, *supra*, para el delito menos grave, "hasta que culmine la etapa de Vista Preliminar". Tal determinación respondió a que ambas causas fueron consolidadas conforme a la Regla 89 de Procedimiento Criminal, *supra*. No obstante, el foro *a quo* ordenó la entrega de la declaración de sospechoso, así como de cualquier prueba exculpatoria, si alguna.

Por consiguiente, el 27 de febrero de 2026, el Ministerio Público presentó una *Moción en Cumplimiento de Orden*.[8] Mediante esta, informó que no contaba con prueba exculpatoria ni con evidencia que pudiera favorecer al imputado. Asimismo, indicó que, en cuanto a la declaración de sospechoso de delito, no tenía nada que proveer.

Inconforme con la determinación del foro de instancia, y tras denegada una previa solicitud de reconsideración, el 10 de junio de 2026, el peticionario presentó el recurso de *Certiorari* que nos ocupa. En el mismo, señala la comisión de los siguientes errores:

**ERROR PRIMERO:**
ERRÓ EL TPI AL EXIMIR AL MINISTERIO PÚBLICO DE CONTESTAR LA REGLA 95 PRESENTADA EN EL CASO MENOS GRAVE JLE2026M0001 PORQUE SE HABÍA CONSOLIDADO EL CASO MENOS GRAVE CON EL CASO GRAVE BAJO LA REGLA 89, VIOLENTANDO ASÍ EL DEBIDO PROCESO DE LEY AL CIUDADANO IMPUTADO.

**ERROR SEGUNDO:**
ERRÓ EL TPI AL EXIMIR AL MINISTERIO PÚBLICO DE CONTESTAR LA REGLA 95 PORQUE EL FISCAL PIDIÓ QUE SE LE EXIMIERA DE CONTESTAR LA REFERIDA REGLA.

Por su parte, el 22 de junio de 2026, el Pueblo de Puerto Rico compareció, representado por la Oficina del Procurador General de Puerto Rico, y presentó su oposición al recurso de epígrafe.

---

[7] *Íd.*, Entrada Núm. 2.
[8] *Íd.*, Entrada Núm. 12.

Siendo así, contando con la comparecencia de ambas partes, procedemos a expresarnos.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[9]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[10], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[9] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[10] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 70, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr141.pdf.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[11]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna*

---

[11] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

*Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## B. *Descubrimiento de Prueba*

Como es sabido, el Tribunal Supremo ha reconocido como fundamental el derecho de un imputado a defenderse de una acusación criminal en su contra, y a obtener, mediante el descubrimiento de prueba, aquella evidencia que pueda favorecerle. *Pueblo v. Sanders Cordero*, 199 DPR 827, 835 (2018); *Pueblo v. Custodio Colón*, 192 DPR 567, 584 (2015); *Pueblo v. Arocho Soto*, 137 DPR 762, 766 (1994); *Pueblo v. Rodríguez Sánchez*, 109 DPR 243, 246 (1979). El derecho al descubrimiento de prueba es consustancial con el derecho de todo acusado a defenderse adecuadamente en un proceso criminal en su contra. *Pueblo v. Santa Cruz*, 149 DPR 223, 231 (1999); *Pueblo v. Guzmán*, 161 DPR 137, 147 (2004); *Pueblo v. Sanders Cordero*, supra, pág. 835; *Pueblo v. Custodio Colón*, supra, pág. 584. No obstante, la facultad para requerir el descubrimiento de prueba no es absoluta, pues estatutariamente, como normal general, tal derecho está regido por la Regla 95 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 95. *Íd.*; *Pueblo v. Sanders Cordero*, supra, pág. 835; *Pueblo v. Santa Cruz*, supra, pág. 232; *Pueblo v. Irizarry*, 160 DPR 544, 566 (2003).

En lo pertinente, la Regla 95 de Procedimiento Criminal dispone lo siguiente:

(a) El acusado presentará moción al amparo de esta Regla dentro en un término de cumplimiento estricto de veinte (20) días contados a partir de: i) la celebración del acto de lectura de acusación en los casos que se impute la comisión de un delito grave; o ii) la primera comparecencia del acusado al proceso asistido por el abogado que habrá de representarlo en el juicio, en los casos en que se impute la comisión de un delito menos grave. En el caso que la persona acusada manifieste que se representará por derecho propio, el Tribunal deberá advertirle desde cuándo comienza a discurrir el término establecido en esta Regla, así

como las consecuencias de su incumplimiento. Sometida la moción de la defensa conforme a lo dispuesto en esta Regla, el Tribunal ordenará al Ministerio Fiscal o a cualquier agencia o instrumentalidad pública que permita al acusado inspeccionar, copiar o fotocopiar el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal o a cualquier agencia o instrumentalidad pública:

(1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.

(2) Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas a estos.

[...]

34 LPRA Ap. II, R. 95.

Conforme a la precipitada regla, el derecho de un imputado a solicitar el descubrimiento de prueba surge luego de la presentación de la denuncia cuando se trata de un delito menos grave, y después de la acusación en los delitos graves. A pesar de que el derecho del acusado a descubrir prueba es uno amplio, el mismo no es absoluto ni ilimitado, puesto que, descansa en la sana discreción del tribunal, quien debe considerar ciertos elementos a realizar un balance entre los derechos del acusado y el interés del Estado. *Íd.*; *Pueblo v. Custodio Colón*, supra, pág. 586. Este balance deberá llevarse a cabo tomando en consideración los hechos del caso y la totalidad de las circunstancias que rodean la acción. *Íd.*

### C. Regla 89 de Procedimiento Criminal

Por otra parte, ha sido reconocido en nuestro ordenamiento jurídico que "la acumulación de causas fomenta la economía procesal y evita la duplicidad de juicios". E. L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Vol. III, Sec. 25.2 A, pág. 194. Asimismo, nuestro Máximo Foro ha dispuesto que "existe un innegable interés social en la acumulación de causas y la

celebración de un solo juicio", *Pueblo v. Virkler*, 172 DPR 115, 125 (2007), ya que la repetición de procesos judiciales relacionados con actos delictivos que surge del mismo trasfondo fáctico genera dificultades tanto para el Estado como para las personas involucradas.

A tenor con lo anterior, la Regla 89 de Procedimiento Criminal, 34 LPRA Ap. II, R. 89, regula lo relativo a la acumulación de causas en un mismo procedimiento. En específico, el referido estatuto dispone lo siguiente:

> El tribunal podrá ordenar que dos o más acusaciones o denuncias sean vistas conjuntamente si los delitos y los acusados, si hubiere más de uno, pudieron haber sido unidos en una sola acusación o denuncia. El proceso se seguirá como si se tratare de una sola acusación o denuncia.

> Si se radicare denuncia ante el Tribunal de Distrito por la comisión de un delito menos grave que esté relacionado con algún delito grave por haber surgido del mismo acto o transacción, o de dos o más actos o transacciones relacionadas entre sí o que constituyeren parte de un plan común, el acusado o el fiscal podrán solicitar del Tribunal de Primera Instancia y este emitirá una orden para que se eleven los autos del caso para ante el Tribunal de Primera Instancia. La solicitud del acusado deberá radicarse en el Tribunal de Distrito antes de que haya comenzado el juicio en el Tribunal de Primera Instancia. El procedimiento en el Tribunal de Primera Instancia se continuará teniendo como base la denuncia radicada en el Tribunal de Distrito y el juicio se ventilará por tribunal de derecho. *Íd.*

### III

En esencia, el peticionario sostiene que el Tribunal de Primera Instancia erró al permitir que el Ministerio Público pospusiera el cumplimiento con el descubrimiento de prueba relacionado al delito menos grave imputado. A tales efectos, arguyó que la consolidación de causas no eximía al Ministerio Público de cumplir con la Regla 95 de Procedimiento Criminal, *supra*.

Tras evaluar detenidamente el recurso de epígrafe y luego de una revisión, es nuestra apreciación que, no procede la expedición del auto solicitado en esta etapa. Concluimos que el señalamiento

de error antes reseñado, por los fundamentos aducidos en la petición, no activa nuestra jurisdicción discrecional. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia. En específico, no surge del expediente ante nuestra consideración que el foro primario haya eximido de forma absoluta al Ministerio Público de cumplir con el debido descubrimiento de prueba, sino que pospuso su cumplimiento hasta la celebración de la vista preliminar sobre el delito grave imputado, puesto que ambos fueron consolidados por surgir de un mismo acto.

De igual forma, justipreciamos que el peticionario tampoco logró persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV**

Por los fundamentos antes esbozados, se *deniega* la expedición del recurso de *certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones